| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| DAVID M. POITRAS P.C. (SBN 141309)<br>JEFFER MANGELS BUTLER & MITCHELL LLP<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, CA 90067-4308<br>Telephone: (310) 203-8080<br>Facsimile: (310) 203-0567<br>Email: dpoitras@jmbm.com | |
| ☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>NEW WEALTH HEAVEN LLC,<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:14-bk-30779-BB<br>CHAPTER: 7<br><br>**NOTICE OF MOTION AND MOTION<br>FOR RELIEF FROM THE AUTOMATIC<br>STAY UNDER 11 U.S.C. § 362<br>(with supporting declarations)<br>(REAL PROPERTY)**<br><br>DATE: 1/13/2015<br>TIME: 10:00 a.m.<br>COURTROOM: 1475 |
|---|---|

| Movant: Eagle Vista Equities, LLC |
|---|

1. **Hearing Location**:

   ☒ 255 East Temple Street, Los Angeles, CA 90012      ☐ 411 West Fourth Street, Santa Ana, CA 92701

   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367      ☐ 1415 State Street, Santa Barbara, CA 93101

   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒  This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☐  This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (date) _____ and (time) _____; and, you may appear at the hearing.

    a.  ☒  An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b.  ☐  An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c.  ☐  An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 12/22/2014

Jeffer Mangels Butler & Mitchell LLP
Printed name of law firm (if applicable)

David M. Poitras
Printed name of individual Movant or attorney for Movant

/s/ David M. Poitras
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 2                          F 4001-1.RFS.RP.MOTION

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

   ☐ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☒ Other (*specify*):
   Trustee's Purchase Receipt Upon Sale

2. **The Property at Issue (Property):**

   a. Address:

   *Street address*: 2323 West 78th Street
   *Unit/suite number*:
   *City, state, zip code*: Inglewood, CA 90305
   b. Legal description or document recording number (including county of recording)

   Lot(s) 14 in Block 24 of Tract No. 1924, in the City of Inglewood, County of Los Angeles, State of California, as Per Map Recorded in Book 23, Page(s) 46 and 47 of Maps, in the Office of the County Recorder of Said County.

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐ involuntary  bankruptcy petition under chapter ☒ 7 ☐ 11 ☐ 12 ☐ 13
   was filed on (*date*)  10/31/2014 .

   b. ☐ An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13  was entered on (*date*) _____.

   c. ☐ A plan, if any, was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

   (1) ☐ Movant's interest in the Property is not adequately protected.

      (A) ☐ Movant's interest in the Property is not protected by an adequate equity cushion.

      (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

      (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

   (2) ☒ The bankruptcy case was filed in bad faith.

      (A) ☒ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

      (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

      (C) ☒ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

      (D) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

      (E) ☒ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

      (F) ☐ Other (*see attached continuation page*).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

(3) ☐ *(Chapter 12 or 13 cases only)*

    (A) ☐ All payments on account of the Property are being made through the plan.
        ☐ Preconfirmation ☐ Postconfirmation  plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

    (B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on *(date)* _____,
    which is ☐ prepetition ☐ postpetition.

(6) ☐ For other cause for relief from stay, see attached continuation page.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☒ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    (1) ☒ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

    (2) ☐ Multiple bankruptcy cases affecting the Property.

5. ☒ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☒ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other *(specify)*:

6. **Evidence in Support of Motion: (***Declaration(s) MUST be signed under penalty of perjury and attached to this motion***)**

a. The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☒ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit _____.

d. ☐ Other:

7. ☐ **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                   Page 4                                   **F 4001-1.RFS.RP.MOTION**

**Movant requests the following relief:**

1. Relief from the stay is granted under: ☒ 11 U.S.C. § 362(d)(1)  ☒ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. ☐ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement. Any such agreement shall be nonrecourse unless stated in a reaffirmation agreement.

3. ☒ Confirmation that there is no stay in effect.

4. ☒ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

5. ☐ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

8. ☒ Relief from the stay is granted under 11 U.S.C. § 362(d)(4): If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

9. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

10. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:
   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

12. ☐ If relief from stay is not granted, adequate protection shall be ordered.

13. ☐ See attached continuation page for other relief requested.

Date:  _12/22/2014_

Jeffer Mangels Butler & Mitchell LLP
_____
Printed name of law firm (*if applicable*)
David M. Poitras
_____
Printed name of individual Movant or attorney for Movant

/s/ David M. Poitras
_____
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# REAL PROPERTY DECLARATION

I, (print name of Declarant) <u>Sheri Crandall</u>                                        , declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (specify):

    a. ☐ I am the Movant.

    b. ☒ I am employed by Movant as (state title and capacity):   Property Supervisor

    c. ☐ Other (specify):

2. a. ☒ I am one of the custodians of the books, records and files of Movant that pertain to Debtor and the Property. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

    b. ☐ Other (see attached):

3. The Movant is:

    a. ☐ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit _____.

    b. ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibit _____.

    c. ☐ Servicing agent authorized to act on behalf of the:
        ☐ Holder.
        ☐ Beneficiary.

    d. ☒ Other (specify): Trustee's Purchase Receipt Upon Sale (attached as Exhibit 1)

4. a. The address of the Property is:

    Street address: 2323 West 78th Street
    Unit/suite no.:
    City, state, zip code: Inglewood, CA 90305

    b. The legal description of the Property or document recording number

    Lot(s) 14 in Block 24 of Tract No. 1924, in the City of Inglewood, County of Los Angeles, State of California, as Per Map Recorded in Book 23, Page(s) 46 and 47 of Maps, in the Office of the County Recorder of Said County.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                        Page 6                                        F 4001-1.RFS.RP.MOTION

5. Type of property (*check all applicable boxes*):

   a. ☐ Debtor's principal residence    b. ☐ Other residence
   c. ☐ Multi-unit residential    d. ☐ Commercial
   e. ☐ Industrial    f. ☐ Vacant land
   g. ☒ Other (*specify*): Residential

6. Nature of the Debtor's interest in the Property:

   a. ☐ Sole owner

   b. ☐ Co-owner(s) (*specify*):

   c. ☒ Lienholder (*specify*): Alleged junior deed of trust

   d. ☐ Other (*specify*):

   e. ☒ The Debtor ☐ did ☒ did not  list the Property in the Debtor's schedules.

   f. ☒ The Debtor acquired the interest in the Property by ☐ grant deed ☐ quitclaim deed ☒ trust deed.

       The deed was recorded on (*date*) not recorded .

7. Movant holds a ☐ deed of trust ☐ judgment lien ☒ other (*specify*) Trustee's Deed Upon Sale
   that encumbers the Property.

   a. ☒ A true and correct copy of the document as recorded is attached as Exhibit __1__.

   b. ☐ A true and correct copy of the promissory note or other document that evidences the Movant's claim is
   attached as Exhibit _____.

   c. ☐ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of
   trust to Movant is attached as Exhibit _____.

8. Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ | $ | $ |
| b. | Accrued interest: | $ | $ | $ |
| c. | Late charges | $ | $ | $ |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ | $ | $ |
| e. | Advances (property taxes, insurance): | $ | $ | $ |
| f. | Less suspense account or partial balance paid: | $[            ] | $[            ] | $[            ] |
| g. | TOTAL CLAIM as of (*date*): | $ | $ | $ |

   h. ☐ Loan is all due and payable because it matured on (*date*) _____

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action has occurred*):

   a. Notice of default recorded on (*date*) 2/10/2014  or ☐ none recorded.

   b. Notice of sale recorded on (*date*) 8/27/2014  or ☐ none recorded.

   c. Foreclosure sale originally scheduled for (*date*) 9/25/2014  or ☐ none scheduled.

   d. Foreclosure sale currently scheduled for (*date*) _____ or ☐ none scheduled.

   e. Foreclosure sale already held on (*date*) 12/8/2014  or ☐ none held.

   f. Trustee's deed upon sale already recorded on (*date*) _____ or ☒ none recorded.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    Page 7    F 4001-1.RFS.RP.MOTION

10. Attached (*optional*) as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☐ (*chapter 7 and 11 cases only*) Status of Movant's loan:

    a. Amount of current monthly payment as of the date of this declaration: $_____ for the month of _____ 20___.

    b. Number of payments that have come due and were not made: _____. Total amount: $_____

    c. Future payments due by time of anticipated hearing date (*if applicable*):

       An additional payment of $_____ will come due on (*date*) _____, and on the _____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $_____ will be charged to the loan.

    d. The fair market value of the Property is $_____, established by:

       (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

       (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

       (3) ☐ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit _____.

       (4) ☐ Other (*specify*):

    e. **Calculation of equity/equity cushion in Property:**

       Based upon ☐ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | | $ | $ |
| 2nd deed of trust: | | $ | $ |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other: | | $ | $ |
| **TOTAL DEBT: $** | | | |

    f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit _____ and consists of:

       (1) ☐ Preliminary title report.

       (2) ☐ Relevant portions of the Debtor's schedules.

       (3) ☐ Other (*specify*):

    g. ☐ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
       I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $_____ and is _____% of the fair market value of the Property.

    h. ☐ **11 U.S.C. § 362(d)(2)(A) - Equity:**
       By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $_____.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

i. ☐ Estimated costs of sale: $_____ (estimate based upon _____% of estimated gross sales price)

j. ☐ The fair market value of the Property is declining because:

12. ☐ (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

a. A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: N/A_____.
A plan confirmation hearing currently scheduled for (or concluded on) the following date: N/A_____.
A plan was confirmed on the following date (*if applicable*): N/A_____.

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid:                    $
(*For details of type and amount, see Exhibit _____*)

e. Attorneys' fees and costs:                    $
(*For details of type and amount, see Exhibit _____*)

f. Less suspense account or partial paid balance:                    $[                    ]

TOTAL POSTPETITION DELINQUENCY:                    $

g. Future payments due by time of anticipated hearing date (*if applicable*): _____.
An additional payment of $_____ will come due on _____, and on the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late charge of $_____ will be charged to the loan.

h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):
$_____    received on (*date*) _____
$_____    received on (*date*) _____
$_____    received on (*date*) _____

i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent.
A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (*date*) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (*date*) _____, which is ☐ prepetition ☐ postpetition.

17. ☒ The bankruptcy case was filed in bad faith:

   a. ☒ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

   b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   c. ☒ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   d. ☒ Other (*specify*):
      See continuation pages attached

18. ☒ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

   a. ☒ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

   b. ☐ Multiple bankruptcy cases affecting the Property include:

     1. Case name: _____
       Chapter: _____    Case number: _____
       Date filed: _____    Date discharged: _____    Date dismissed: _____
       Relief from stay regarding the Property ☐ was  ☑ was not  granted.

     2. Case name: _____
       Chapter: _____    Case number: _____
       Date filed: _____    Date discharged: _____    Date dismissed: _____
       Relief from stay regarding the Property ☐ was  ☐ was not  granted.

     3. Case name: _____
       Chapter: _____    Case number: _____
       Date filed: _____    Date discharged: _____    Date dismissed: _____
       Relief from stay regarding the Property ☐ was  ☐ was not  granted.

   ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

   ☒ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    Page 10    F 4001-1.RFS.RP.MOTION

19. ☒ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☒ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

   c. ☒ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12-22-14 | Sheri Crandall | |
|---|---|---|
| Date | Printed name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## CONTINUATION OF DECLARATION OF SHERI CRANDALL

### RE 2323 WEST 78th STREET, INGLEWOOD, CALIFORNIA

**New paragraphs:**

20.    Movant has been forced to retain counsel to represent it in this matter, and is thereby incurring attorneys' fees and costs.

21.    The Property was duly noticed for sale by public auction pursuant to a Notice of Trustee's Sale recorded on August 27, 2014 in the official records of Los Angeles County, California as Document Number 20140900930. The sale was originally set for September 25, 2014. A true and correct copy of the Notice of Trustee's Sale is attached to the Motion and this Declaration as Exhibit 2.

22.    The Property was in fact sold via public auction in accordance with the Notice of Trustee's Sale on December 8, 2014 (the "Foreclosure Sale").

23.    Movant was the successful bidder at the Foreclosure Sale. A true and correct copy of the Trustee's Purchase Receipt Upon Sale is attached to the Motion and this Declaration as Exhibit 1.

24.    After the Foreclosure Sale, Movant was made aware of a junior deed of trust purportedly granting Debtor a lien on the Property (the "Purported Deed"). The Purported Deed is dated December 2, 2010 and has not been recorded. A copy of the Purported Deed as provided to Movant is attached to the Motion and this Declaration as Exhibit 3.

25.    Neither the Property nor the Purported Deed was scheduled by Debtor.

26.    According to the California Secretary of State, the Debtor was formed as a California limited liability company on June 13, 2014 (over three and 1/2 years after the date of the Purported Deed) and its status is listed as cancelled by the California Secretary of State.

27.    As set forth in Debtor's chapter 7 and the court's docket herein, Debtor is not represented by counsel. As Debtor is not an individual, Debtor cannot represent itself in *pro per*. Accordingly, Debtor cannot defend itself and the bankruptcy case should be dismissed.

28.    In my experience as a property supervisor for Movant, I can attest that it has become increasingly common for borrowers facing an imminent real property foreclosure sale to transfer title to such property, or an interest in such property, or cause a deed of trust or other interest in such property to be "transferred", with such "interest" being transferred/recorded just prior to the actual sale occurring, in an effort to frustrate, delay and otherwise improperly postpone legitimate foreclosure sales. For all of the foregoing reasons, this appears to be the scheme employed in this case.

29,    Annulment of the automatic stay is necessary to remove any cloud on title regarding the Foreclosure Sale of the Property and any and all of postpetition enforcement actions taken based upon the existence of the Purported Deed and the alleged automatic stay which the former property owner (which is not the Debtor herein) asserts arose upon the filing of the herein bankruptcy case.

LA 11560169v1

# EXHIBIT 1

○ **Trustee Sale**     ○ **Sale of Collateral**     ○ **Trustor Payment**

O: 714.247.7500  F: 3210 El Camino Real, Suite 200, Irvine, CA 92602  www.servicelinkasap.com     Sales Status 714.730.2727

**RECEIPT OF FUNDS**

| ASAP NO. | T.S. NO. | DATE | TIME |
|---|---|---|---|

| TRUSTEE: | ATTN: | TRUSTEE'S PHONE # |
|---|---|---|

TRUSTEE'S ADDRESS

| CITY | STATE | ZIP |
|---|---|---|

PROPERTY ADDRESS

**FUNDS**

| CHECK(S) | DRAWN AT | AMOUNT |
|---|---|---|
| 1. | | $ |
| 2. | | $ |
| 3. | | $ |
| 4. | | $ |
| 5. | | $ |

| | CASH RECEIVED | $ |
|---|---|---|

SEE PAGE 2 FOR MORE IF MORE THAN 5 CHECKS     **TOTAL RECEIVED = $**

| AMOUNT OF TOTAL BID | $ 358,500 | | FROM ABOVE ENTER TOTAL RECEIVED | $ 330,000 |
|---|---|---|---|---|
| ADD DOCUMENT TAX & FEES | $ 0 | | SUBTRACT TOTAL REQUIRED | $ 358,500 |
| **TOTAL REQUIRED =** | $ 358,500 | | **TOTAL REFUND = $** | 1500 |

**REFUND**

| NAME | PHONE # |
|---|---|
| Eagle Vista Equities LLC | |

ADDRESS: 2015 Manhattan Beach Blvd., Suite 100

| CITY: Redondo Beach | STATE | ZIP: 90278 |
|---|---|---|

MAKE CHECK PAYABLE TO: Eagle Vista Equities LLC

**REP'S INFO.**

| REPRESENTATIVE'S NAME: Patterson | REP.'S E-MAIL: |
|---|---|

REP.'S PHONE #

**BUYER'S INFORMATION**

| BUYER'S NAME: Eagle Vista Equities LLC | BUYER'S PHONE # |
|---|---|
| | BUYER'S E-MAIL: |

ADDRESS: 2015 Manhattan Beach Blvd #100

| CITY: Redondo Beach | STATE | ZIP: 90278 |
|---|---|---|

VESTING - RECORD TITLE AS SHOWN

Eagle Vista Equities LLC

Mail Unrecorded Trustee's Deed to: Same as above

Vestee Relationship (Buyer, Buyers Agent): Buyers Agent

**DISCLAIMER**

Buyer's or Buyer's Representative's signature below indicates that the above information is true and correct. **IMPORTANT NOTE:** Buyer or Buyer's Representative understands and agrees the sale of this property is on an "AS IS" basis, with no warranties express or implied. Any refund will be dispersed upon clearing of funds; which shall not be less than 10 business days from the date of the auction.

Disclaimer: The sale may rescind the sale due to requirements set out in federal laws or regulations, including anti-money laundering, anti-terrorism, anti-drug trafficking and economic sanctions laws and regulations. Federal law requires all financial institutions to obtain, verify, and record information that identifies parties to transactions. This means that when your bid is provisionally accepted, we will ask for your name, address, date of birth, and other information that will allow us to identify you. We may also ask to see your driver's license or other identifying documents. Your bid is subject to verification of your identity and that you are in compliance with these federal laws and regulations.

I/we acknowledge that I/we received a copy of this disclosure.

Signature of Buyer/Representative: _____  Date: 12-8-14

Auditor Printed Name: _____  Signature: _____  Date: 12/8/14

If you have any questions, please contact our Customer Support at (714) 247-7550

**EXHIBIT 1 – 14**

# EXHIBIT 2



**This page is part of your document - DO NOT DISCARD**



# 20140900930

**Pages:
0003**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**08/27/14 AT 08:00AM**

| | | |
|---|---|---|
| FEES: | | 28.00 |
| TAXES: | | 0.00 |
| OTHER: | | 0.00 |
| PAID: | | 28.00 |



**L E A D S H E E T**



201408272860014

00009558938



006365519

**SEQ:
01**

**ERDS - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

E12

*E231403*

Exhibit 2 - 15

RECORDING REQUESTED BY
And When Recorded Mail To:

**CLEAR RECON CORP.**
**4375 Jutland Drive Suite 200**
**San Diego, California 92117**
**Phone: 858-750-7600**

APN: 4009-024-014
T.S. No. 010844-CA                                    Space Above This Line For Recorder's Use

# NOTICE OF TRUSTEE'S SALE

### Pursuant to CA Civil Code 2923.3
### NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

### IMPORTANT NOTICE TO PROPERTY OWNER:

YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 3/28/2006. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER

On 9/25/2014 at 11:00 AM, **CLEAR RECON CORP.**, as duly appointed trustee under and pursuant to Deed of Trust recorded 4/4/2006, as Instrument No. 06 0717795, in Book N/A, Page N/A, of Official Records in the office of the County Recorder of Los Angeles County, State of **CALIFORNIA** executed by:

**JOHN L. COLEMAN AND PAMELA R. COLEMAN, HUSBAND AND WIFE AS JOINT TENANTS**

WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK DRAWN ON A STATE OR NATIONAL BANK, A CHECK DRAWN BY A STATE OR FEDERAL CREDIT UNION, OR A CHECK DRAWN BY A STATE OR FEDERAL SAVINGS AND LOAN ASSOCIATION, SAVINGS ASSOCIATION, OR SAVINGS BANK SPECIFIED IN SECTION 5102 OF THE FINANCIAL CODE AND AUTHORIZED TO DO BUSINESS IN THIS STATE:

**By the fountain located at 400 Civic Center Plaza, Pomona, CA 91766**

all right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County and State described as:

**LOT(S) 14 IN BLOCK 24 OF TRACT NO. 1924, IN THE CITY OF INGLEWOOD, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 23, PAGE(S) 46 AND 47 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.**

The street address and other common designation, if any, of the real property described above is purported to be:
**2323 WEST 78TH STREET**
**INGLEWOOD, CALIFORNIA 90305**

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein.

Page 1 of 2

CRC NOS 012914

Exhibit 2 - 16

T.S. No. 010844-CA

## NOTICE OF TRUSTEE'S SALE

Said sale will be held, but without covenant or warranty, express or implied, regarding title, possession, condition, or encumbrances, including fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust, to pay the remaining principal sums of the note(s) secured by said Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is:
    $482,013.06

**If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse.**

The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned caused said Notice of Default and Election to Sell to be recorded in the county where the real property is located.

**NOTICE TO POTENTIAL BIDDERS:**  If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call (714) 730-2727 or visit this Internet Web site WWW.LPSASAP.COM, using the file number assigned to this case 010844-CA. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

FOR SALES INFORMATION: (714) 730-2727

Date: 8/21/2014

Date Executed:  8/22/14

CLEAR RECON CORP.

PATRICK PEREZ , Authorized Signature

CLEAR RECON CORP.
4375 Jutland Drive Suite 200
San Diego, California 92117

Page 2 of 2

CRC NOS 012914

Exhibit 2 - 17

# EXHIBIT 3

From Pamela Coleman

This is to inform you that a party of interest for the property located at 2323 West 78th Street, Inglewood, California, 90305, is currently involved in an active bankruptcy. Please see the attached Deed of Trust and Notice of Bankruptcy Filing.

# NOTICE OF BANKRUPTCY

TO: CLEAR RECON CORP
Attention: Bankruptcy Department
Phone: ( 858) 750-7600
Fax No.: (858) 412-2190

TS# 010844-CA   Sale Date: 12/08/2014  at 11:  a.m.

Property Address:  2323 West 78th Street
                   Inglewood, CA  90305

Exhibit 3 - 18

United States Bankruptcy Court
Central District Of California

# Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed
below was filed under Chapter 7 of the United States
Bankruptcy Code, entered on 10/31/2014 at 4:17 PM
and filed on 10/31/2014.



**New Wealth Heaven LLC**
P.O. Box 331313
Pacoima, CA 91333
702-712-6065
Tax ID / EIN: 04-7114880

The bankruptcy trustee is:

**John J Menchaca (TR)**
835 Wilshire Blvd., Suite 300
Los Angeles, CA 90017
(213) 683-3317

The case was assigned case number 2:14-bk-30779-BB to Judge Sheri Bluebond.

In most instances, the filing of the bankruptcy case automatically stays certain collection
and other actions against the debtor and the debtor's property. Under certain
circumstances, the stay may be limited to 30 days or not exist at all, although the debtor
can request the court to extend or impose a stay. If you attempt to collect a debt or take
other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer
to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the
debtor, they are available at our *Internet* home page www.cacb.uscourts.gov or at the
Clerk's Office, 255 East Temple Street,, Los Angeles, CA 90012.

You may be a creditor of the debtor. If so, you will receive an additional notice from the
court setting forth important deadlines.

RECORDING REQUESTED BY
Pamela R. Coleman

AND WHEN RECORDED MAIL TO

2323 West 78th Street
Inglewood, CA  90305

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF TRUST AND ASSIGNMENT OF RENTS
*This Document Provided by Fidelity National Title*

**This Deed of Trust,** made this <u>2nd</u>day of  December, 2010            ,between <u>Pamela R. Coleman</u>

<u>a married woman as her sole and separate property</u>            herein  called  **Trustor**,  whose

address is <u>2323 West 78th Street, Inglewood, CA  90305</u>            , and <u>New Wealth</u>

<u>Heaven, LLC, a corporation</u>            , herein called **Beneficiary**, whose address is

<u>P.O. Box 331313, Pacoima, CA  91333</u>            and **Fidelity National Title ,  A**

California corporation, herein called **Trustee,**

**Witnesseth: THAT TRUSTOR IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN
TRUST, WITH POWER OF SALE,** that property in  Los Angeles            County, California, described as:

LOTW(S) 14 IN BLOCK 24 OF TRACT NO. 1924, IN THE CITY OF INGLEWOOD, COUNTY OF LOS
ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 23 PAGE(S) 46 AND 47 OF
MAPS, IN THE OFFICE OF THE COUNTY OF RECORDER OF SAID COUNTY.

More commonly known as: 2323 West 78th Street, Inglewood, California 90305; APN. 4009-024-014

TOGETHER WITH the rents, issues and profits thereof, SUBJECT HOWEVER, to the right, power and authority given to and
conferred upon Beneficiary by paragraph (11) of the provisions set forth below to collect and apply such rents, issues and profits.
**For the Purpose of Securing:** 1.  Performance of each agreement of Trustor incorporated by reference or contained
herein. 2. Payment of the indebtedness evidence by one promissory note of even date herewith, and any extension of renewal
thereof, in the principal sum of $ <u>30,050</u>            executed by Trustor in favor of Beneficiary or order.  3.  Payment of
such further sums as the then record owner of such property hereafter may borrow from Beneficiary, when evidenced by another
note (or notes) reciting it is so secured,

## To Protect the Security of This Deed of Trust, Trustor Agrees:

(1)  That Trustor will observe and perform said provisions; and that the referenced to property, obligations, and parties in said
provisions shall be construed to refer to the property, obligations and parties set forth in this Deed of Trust.

(2)   To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore
promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when
due all claims for labor performed and materials furnished therefore; to comply with all laws affecting said property or requiring any
alterations or improvements to be made thereon, not to commit or permit waste thereof; not to commit, suffer or permit any act upon said
property in violations of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said
property may be reasonably necessary, the specific enumeration's herein not excluding the general.

(3)   To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary.  The amount
collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured herein and in such order
as beneficiary may determined or at option of Beneficiary the entire amount so collected or any part hereof may be released to Trustor.
Such application or release shall not cure or waive any default or notice of default hereinunder or invalidate any act done pursuant to such
notice.

(4)  To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of the
Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in
any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to record this Deed.

Exhibit 3 - 20

(5)  To pay, at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or a part thereof, which appear to be prior to superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may; make or do the same in such manner and to such extent as either may be deemed necessary to protect the security herein, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(6)  To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereon, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(7)  That any award of damages in connection with any condemnation for public use of or  injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary, who may apply or release such monies received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(8)  That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(9)  That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may; reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement therein; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(10) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property  held hereunder.  The recitals in such RECONVEYANCE of any matters or facts shall be conclusive proof of the truthfulness thereof.  The grantee in such reconveyance may described as "The person or persons legally entitled thereto".  Five years after issuance of such full RECONVEYANCE, Trustee may destroy said Note and this Deed (unless directed in such request to retain them).

(11) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving until Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collected and retain such rents, issues and profits as they become due and payable.  Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents issues and profits, including those past due and unpaid, and apply the same, less costs and expense of operation and collection, including reasonably attorney's fees, upon indebtedness secured hereby, and in such order as Beneficiary may determined.  The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cura or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(12) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record.  beneficiary also shall post it with Trustee this Deed said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required y law, Trustee without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determined, a public auction to the highest bidder for cash in lawful money of the United States, payable at the time of sale.  Trustee may postpone sale of all or a portion of said property by public announcement of such time and place of sale, and from time to time thereafter may postpone sale by public announcement at the time fixed by the preceding postponement.  Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any convenant or warranty, express or implied.  The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof.  Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

(13) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in wiring, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the County or Counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties.  Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(14) That this Deed applies to, insures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns.  The term Beneficiary shall mean the owner and holder, including pledges of the note secured hereby whether or not named as Beneficiary herein.  In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(15) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law.  Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or  proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

Exhibit 3 - 21

The undersigned Trustor request that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

Dated: DEC. 2, 2010

_____    _____

_____    _____

---

STATE OF CALIFORNIA
COUNTY OF __LOS ANGELES_____ )SS.

On __DEC. 2, 2010_____ before me, __RORI TOUSANT, Notary Public__(insert name) Notary Public,
personally appeared __Pamela __RENEE COLEMAN_____
who proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their (signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

RORI TOUSANT
COMM. # 1747973
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
MY COMM. EXP. MAY 29, 2011

Signature __Rori Tousant, Notary Public__

(This area for official notarial seal)

MAIL TAX STATEMENTS AS DIRECTED ABOVE

PAGE 3

Exhibit 3 - 22

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1900 Avenue of the Stars, 7th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 12/22/2014 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

John J Menchaca (TR)    jmenchaca@menchacacpa.com, ca87@ecfcbis.com;
igaeta@menchacacpa.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 12/22/2014 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.    VIA OVERNIGHT MAIL

| | | |
|---|---|---|
| Honorable Julia W. Brand<br>United States Bankruptcy Court<br>255 E. Temple Street, Suite 1382<br>Los Angeles, CA 90012 | New Wealth Heaven LLC<br>P.O. Box 331313<br>Pacoima, CA 91333 | Pamela R. Coleman<br>2323 West 78th Street<br>Inglewood, CA 90305 |

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/22/2014 | Billie Terry | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.